IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DARREN LAMONT SEAWRIGHT and DANIEL M. WOODS, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) Civ. No. 05-576-KAJ ) |
| COMMISSIONER STANLEY TAYLOR, WARDEN RAFAEL WILLIAMS, MAINTENANCE SUPERVISOR PACECO, and THE STATE OF DELAWARE, | ) ) ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

Darren Lamont Seawright and Daniel M. Woods ("plaintiffs"), inmates housed at the Howard R. Young Correctional institution ("HRYCI") and the Delaware Correctional Center ("DCC"), respectively, bring this lawsuit pursuant to 42 U.S.C. § 1983. They appear *pro se* and were granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 4, 9.) I now proceed to review and screen the complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

For the reasons discussed below, I am dismissing the claim against Commissioner Stanley Taylor ("Commissioner Taylor"), as well as the claim for monetary damages against the State of Delaware, pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

**I.     THE COMPLAINT**

Plaintiffs allege that the State of Delaware is responsible for the health and welfare of all its inmates. They allege that the water lines, shower lines, sink lines, and

toilet lines at HRYCI are contaminated with lead poisoning due to the use of 50/50 solder during a building project for Dorm 1 and 2. They allege that Maintenance Supervisor Paceco ("Paceco") oversaw the construction contract and that he was informed that it was illegal to use 50/50 solder on the water lines, but nonetheless ordered that it be used. Plaintiffs further allege that Warden Rafael Williams was informed of the lead poisoning issue. Finally, plaintiffs allege that Commissioner Taylor "should've been aware of the materials used" during the construction project.

Plaintiffs seek an order for the removal of the contaminated water lines, inmate testing for lead poisoning, rehabilitative treatment, and compensatory and punitive damages.

## II. STANDARD OF REVIEW

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (citing Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993)).

Additionally, *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

## III. ANALYSIS

### A. Conditions of Confinement

A condition of confinement violates the Eighth Amendment only if it is so reprehensible as to be deemed inhumane under contemporary standards or such that it deprives an inmate of a minimal civilized measure of the necessities of life. *See Hudson v. McMillian*, 503 U.S. 1, 8 (1992); *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). When an Eighth Amendment claim is brought against a prison official, it must meet two requirements: (1) the deprivation alleged must be, objectively, sufficiently serious; and (2) the prison official must have been deliberately indifference to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Deliberate indifference is a subjective standard, in that the prison official must actually have known or been aware of the excessive risk to inmate safety. *Beers-Capitol v. Whetzel*, 256 F.3d 120, 125 (3d Cir. 2001).

### B. Respondeat Superior

Plaintiffs' allegation against Commissioner Taylor is that he "should've been aware of materials used in the construction of Dorm 1 and 2". It appears that plaintiffs seeks to hold Commissioner Taylor liable on the basis of his supervisory position, but it

is well established that supervisory liability cannot be imposed under § 1983 on a respondeat superior theory. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976).

"'A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior.'" *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Personal involvement can be shown through allegations that a defendant directed, had actual knowledge or acquiesced in, the deprivation of a plaintiff's constitutional rights. *Id.; see Monell v. Department of Social Services* 436 U.S. 658, 694-95 (1978). Supervisory liability may attach if the supervisor implemented deficient policies and was deliberately indifferent to the resulting risk or the supervisor's actions and inactions were "the moving force" behind the harm suffered by the plaintiff. *Sample v. Diecks*, 885 F.2d 1099, 1117-118 (3d Cir. 1989); *see also City of Canton v. Harris*, 489 U.S. 378 (1989); *Heggenmiller v. Edna Mahan Corr. Inst. for Women*, No. 04-1786, 128 Fed.Appx. 240 (3d. Cir. 2005).

In the present case, there are no allegations that Commissioner Taylor implemented deficient policies, was deliberately indifferent to any resulting risk to plaintiffs, had knowledge of such risk, or that he was the moving force behind the harm allegedly suffered by plaintiffs. All that plaintiffs allege is that Commissioner Taylor should have been aware of the alleged improper use of lead during the construction – not that he actually was aware of it.

Based upon the foregoing, I am dismissing the claim against Commissioner Taylor for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

### C. Eleventh Amendment Immunity

Plaintiffs allege that the State of Delaware is responsible for the health and safety of all state inmates. They seek both compensatory and punitive damages as well as injunctive relief.

The Eleventh Amendment shields states from suits by individuals, absent a state's consent. *Seminole Tribe of Fla. v. Florida,* 517 U.S. 44, 54 (1996). The Eleventh Amendment, however, permits suits for prospective injunctive relief against state officials acting in violation of federal law. *Ex parte Young,* 209 U.S. 123 (1908). "This standard allows courts to order prospective relief, as well as measures ancillary to appropriate prospective relief." *Frew v. Hawkins,* 540 U.S. 431, 437 (2004) (internal citations omitted). "Federal courts may not award retrospective relief, for instance money damages or its equivalent, if the State invokes its immunity." *Id.* (citations omitted).

Accordingly, to the extent the complaint seeks to recover monetary damages or its equivalent, those claims are dismissed by reason of the State of Delaware's immunity under the Eleventh Amendment. Plaintiffs may proceed with their claim for prospective injunctive relief against the State of Delaware.

### IV. CONCLUSION

IT IS THEREFORE ORDERED as follows:

5

1. The claim against Commissioner Taylor fails to state a claim upon which relief may be granted, and it is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915 and § 1915A. The claim against the State of Delaware for monetary damages or its equivalent is DISMISSED without prejudice because the State is immune from such relief pursuant to 28 U.S.C. § 1915 and § 1915A.

2. Plaintiffs have raised what appear at this point to be a cognizable Eighth Amendment conditions of confinement claim. They are allowed to PROCEED with that claim.

IT IS FURTHER ORDERED that:

1. The clerk of the court shall cause a copy of this order to be mailed to the plaintiffs.

2. Pursuant to Fed. R. Civ. P. 4(c)(2) and (d)(2), plaintiffs shall complete and return to the Clerk of the Court an **original** "U.S. Marshal-285" form for **the remaining defendants Warden Rafael Williams, Maintenance Supervisor Paceco, and the State of Delaware,** as well as for the Attorney General of the State of Delaware, 820 N. FRENCH STREET, WILMINGTON, DELAWARE, 19801, pursuant to DEL. CODE ANN. tit. 10 § 3103(c). **Plaintiffs have provided the Court with copies of the complaint (D.I. 2) for service upon the remaining defendants. Plaintiffs are notified that the United States Marshal will not serve the complaint until all "U.S. Marshal 285" forms have been received by the Clerk of the Court. Failure to provide the "U.S. Marshal 285" forms for the remaining defendants and the attorney general within 120 days of this order may result in the complaint being dismissed or defendants**

**being dismissed pursuant to Federal Rule of Civil Procedure 4(m).**

3.	Upon receipt of the form(s) required by paragraph 2 above, the United States Marshal shall forthwith serve a copy of the complaint, this order, a "Notice of Lawsuit" form, the filing fee order(s), and a "Return of Waiver" form upon each of the defendants so identified in each 285 form.

4.	Within **thirty (30) days** from the date that the "Notice of Lawsuit" and "Return of Waiver" forms are sent, if an executed "Waiver of Service of Summons" form has not been received from a defendant, the United States Marshal shall personally serve said defendant(s) pursuant to Fed. R. Civ. P. 4(c)(2) and said defendant(s) shall be required to bear the cost related to such service, unless good cause is shown for failure to sign and return the waiver.

5.	Pursuant to Fed. R. Civ. P. 4(d)(3), a defendant who, before being served with process timely returns a waiver as requested, is required to answer or otherwise respond to the complaint within **sixty (60) days** from the date upon which the complaint, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form are sent. If a defendant responds by way of a motion, said motion shall be accompanied by a brief or a memorandum of points and authorities and any supporting affidavits.

6.	No communication, including pleadings, briefs, statement of position, etc., will be considered by the Court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

7.	**NOTE:** *** When an amended complaint is filed prior to service, the Court will **VACATE** all previous Service Orders entered, and service **will not take place**. An

amended complaint filed prior to service shall be subject to re-screening pursuant to 28 U.S.C. §1915(e)(2) and § 1915A(a). \*\*\*

      8.      **NOTE:** \*\*\* Discovery motions and motions for appointment of counsel filed prior to service will be dismissed without prejudice, with leave to refile following service. \*\*\*

                                                            _/s/ Kent C. Jordan_
                                                         UNITED STATES DISTRICT JUDGE

March 17, 2006
Wilmington, Delaware