IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DARREN LAMONT SEAWRIGHT and DANIEL M. WOODS, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civ. No. 05-576-KAJ ) |
| WARDEN RAFAEL WILLIAMS, MAINTENANCE SUPERVISOR PACECO, and THE STATE OF DELAWARE, | ) ) ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

Darren Lamont Seawright and Daniel M. Woods ("plaintiffs"), inmates housed at the Howard R. Young Correctional institution ("HRYCI") and the Delaware Correctional Center ("DCC"), respectively, filed this lawsuit pursuant to 42 U.S.C. § 1983. They appear *pro se* and were granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The complaint was screened pursuant to 28 U.S.C. § 1915 and § 1915A. (D.I. 14.) Now pending before the Court are a number of motions filed by Plaintiff Woods.

I.  **Eleventh Amendment Immunity**

I note that the State of Delaware remains a party and has been served with the complaint. In reviewing my Memorandum Order dated March 17, 2006, I discovered that the State of Delaware was inadvertently not dismissed as a defendant insofar as prospective injunctive relief is concerned. As is well known, "[a]bsent a state's consent, the eleventh amendment bars a civil rights suit in federal court that names the state as

a defendant." *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981)(citing *Alabama v. Pugh*, 438 U.S. 781 (1978)(*per curiam*)). The State of Delaware has not waived its sovereign immunity under the Eleventh Amendment. See Ospina v. Dep't of Corr., 749 F.Supp. at 579. Consequently, the claim against the State has no arguable basis in law or in fact. Therefore, I am dismissing the claim against the State of Delaware pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1)15(e)(2)(B) as it is immune from suit.

## II.  Motion for Court Appointed Expert

Plaintiff Woods moves the Court to appoint an expert witness pursuant to Fed. R. Evid. 706. The complaint alleges that the water lines, shower lines, sink lines, and toilet lines at HRYCI are contaminated with lead poisoning. Plaintiff Woods contends that a scientific expert is required to test the pipes for solder.

Rule 706 provides that the trial judge has broad discretion to appoint an independent expert answerable to the court, whether *sua sponte* or on the motion of a party. *Ford v. Mercer County Correctional Center,* Nos. 03-3758, 03-4524, 2006 WL 714674, at *4 (3d Cir. Mar. 22, 2006). The policy behind the rule is to promote the jury's factfinding ability. *Id.* (citations omitted).

This case is in its early stages. The defendants were just recently served and to date no answers or motions to dismiss have been filed. Accordingly, I am denying without prejudice, with leave to refile at a later date, the motion for court appointed expert witness.

## III.  Request for Entry of Default

Plaintiff Woods filed a request for entry of default on June 1, 2006. (D.I. 24.) He

argues that more than fifty-five days have passed since the date of service, making entry of default appropriate.

Waivers of Service were returned as executed as to the State of Delaware, Rafael Williams, and Joseph Paceco on April 28, 2006, May 4, 2006, and May 17, 2006, respectively. As the defendants correctly note, service upon the State or upon any officer of a state government, concerning any matter arising in connection with the exercise of his or her official powers or duties, is not complete until the Attorney General for the State of Delaware is served. Del. Code Ann. tit. 10, § 3103(c). A review of the Court's Docket Sheet indicates that to date, there has been no service upon the Delaware Attorney General. Therefore, the request for entry of default (D.I. 24) is denied.

## IV.   Issuance of Subpoenas

Plaintiff Woods filed a document entitled "Subpoena: Issuance," pursuant to Fed. R. Civ. P. 45. (D.I. 25.) The document is directed to the Delaware Department of Corrections' Court and Transfer, Warden Rafael Williams, Daniel M. Woods, and the Delaware Health and Social Services, Division of Public Health, Office of Drinking Water, and apparently seeks to command, via subpoena, the transport of Plaintiff Woods from DCC where he is housed, to this Court, and then to the HRYCI so that Woods can be present to watch and direct testing in certain areas of Dormitories 1 and 2 at HRYCI. The document also indicates that after the testing is complete, then Plaintiff Woods will be transferred to a testing lab and he will remain there until the analysis is completed.

The motion is denied. There has been no testing scheduled of any type, and

even if such testing were scheduled, it would not be necessary for Plaintiff Woods to be present.

## V. CONCLUSION

IT IS THEREFORE ORDERED as follows:

1. The claim against the State of Delaware is DISMISSED without prejudice as it is immune from such relief pursuant to 28 U.S.C. § 1915 and § 1915A.

2. The motion for court appointed expert witness (D.I. 23) is DENIED without prejudice, with leave to refile at a later date.

3. The request for entry of default (D.I. 24) is DENIED.

4. The motion for issuance of subpoenas (D.I. 25) is DENIED.

UNITED STATES DISTRICT JUDGE

June 15, 2006
Wilmington, Delaware