IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DARREN LAMONT SEAWRIGHT and  )
DANIEL M. WOODS,             )
                             )
            Plaintiffs,      )
                             )
      v.                     )    Civ. No. 05-576-KAJ
                             )
WARDEN RAFAEL WILLIAMS, and  )
MAINTENANCE SUPERVISOR       )
PACECO,                      )
                             )
            Defendants.      )

**MEMORANDUM ORDER**

Plaintiff Daniel M. Woods ("Woods"), moves for reconsideration of the Court's

denial of request for default as to all the defendants. (D.I. 28.) The Court denied the

request for default on the basis that service had not yet been effected. (D.I. 27.) Since

the entry of that order on June 16, 2006, it appears that the attorney general has been

served and on June 29, 2006, the defendants filed an answer to the complaint. (D.I.

30.)

The standard for obtaining relief under Rule 59(e) is difficult for Woods to meet.

The purpose of a motion for reconsideration is to correct manifest errors of law or fact

or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909

(3d Cir. 1985). A motion for reconsideration may be granted if the moving party shows:

(1) an intervening change in the controlling law; (2) the availability of new evidence that

was not available when the court issued its order; or (3) the need to correct a clear error

of law or fact or to prevent manifest injustice. *Max's Seafood Café v. Quinteros,* 176

F.3d 669, 677 (3d Cir. 1999).

A motion for reconsideration is not properly grounded on a request that a court

rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon,* 836

F.Supp. 1109, 1122 (E.D. Pa.1993). Motions for reargument or reconsideration may

not be used "as a means to argue new facts or issues that inexcusably were not

presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*,

735 F.Supp. 1239, 1240 (D.Del.1990). Reargument, however, may be appropriate

where "the Court has patently misunderstood a party, or has made a decision outside

the adversarial issues presented to the Court by the parties, or has made an error not

of reasoning but of apprehension." *Brambles USA*, 735 F.Supp. at 1241 (D.Del. 1990)

(citations omitted); *See also* D. Del. LR 7.1.5.

Woods does not argue there was an intervening change in the controlling law or

the availability of new evidence that was not available when I issued my order denying

entry of default. Nor does he argue that there is a need to correct a clear error of law or

fact. He merely argues that as of June 20, 2006, he had yet to receive an answer or

response to his complaint. Reconsideration is not warranted on that basis.

IT IS HEREBY ORDERED that the motion for reconsideration (D.I. 28) is

DENIED.

UNITED STATES DISTRICT JUDGE

August 16 , 2006
Wilmington, Delaware

2