

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE



DARREN LAMONT SEAWRIGHT and
DANIEL M. WOODS,

        Plaintiffs,

v.                                 Civil Action No. 05-576-*** (MPT)

WARDEN RAFAEL WILLIAMS, et al.,

        Defendants.

## MEMORANDUM ORDER

Plaintiffs, Darren Lamont Seawright ("Seawright") and Daniel M. Woods ("Woods") are *pro se* litigants who have filed a Motion to Appoint Counsel. (Docket Item [D.I.] 38; the "Motion".)[1] Seawright and Woods are inmates housed at the Howard R. Young Correctional Institution and the Delaware Correctional Center, respectively. (D.I. 14 at 1.) They allege that the water lines, shower lines, sink lines, and toilet lines in dorms one and two at the Howard R. Correctional Institution are contaminated with lead poisoning due to the use of 50/50 solder during a building project and bring claims against the Maintenance Supervisor Paceco ("Paceco") and Warden Rafael Williams ("Williams"). (D.I. 2 at ¶¶ 2-3.)[2]

A plaintiff has no constitutional or statutory right to the appointment of counsel in

---

[1] At present, Seawright is a plaintiff in this action and a party to this motion. For four months, he has not maintained any contact with this court, has not participated in any teleconferences and has not filed any documents or pleadings. All court mail sent to his last known address has been returned. Seawright has not provided the court or Woods with his new address, nor any information on how to communicate with him.

[2] Seawright and Woods also brought claims against Commissioner Stanley Taylor and the State of Delaware, however, both parties were dismissed without prejudice in a previous order. (D.I. 14 at 6.)

a civil case. *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993); *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). Yet, a court in its discretion may appoint counsel. 28 U.S.C. § 1915(e)(1). In particular, appointment may be appropriate "upon a showing of special circumstances indicating the likelihood of substantial prejudice" to the unrepresented party. *Tabron*, 6 F.3d at 154 (quoting *Smith-Bey v. Petsock*, 741 F.2d 22 (3d Cir. 1984). Before a court utilizes this discretion, though, it must first determine whether plaintiffs' claims have some arguable merit in fact and law. *Id.* at 155. The court previously held that Seawright and Woods raised, "a cognizable Eighth Amendment conditions of confinement claim," against Paceco and Williams. (D.I. 14 at 6.) Therefore, Seawright and Woods's claims have arguable merit.

Having met this threshold issue, the factors delineated in *Tabron* are reviewed to determine whether appointment of counsel is appropriate. The non-exhaustive list of factors to consider are: (1) the plaintiff's ability to present his own case; (2) the complexity of the legal issues; (3) the extensiveness of the factual investigation necessary to effectively litigate the case and plaintiff's ability to pursue an investigation; (4) the degree to which the case may turn on credibility determinations; (5) whether the testimony of expert witnesses will be necessary; and (6) whether the plaintiff can attain and afford counsel on his own behalf. *Id.* at 156-57; *Parham*, 126 F.3d at 457-58.

Although Seawright and Woods are housed at separate institutions (D.I. 37), and have repeatedly complained about their inability to communicate with one another, since Seawright was discharged in October 2006, as noted previously herein, he has never communicated with either the court or Woods. Apparently, Woods has been left to pursue this matter alone. During a recent teleconference, Woods advised that he

2

was in the processing of exploring with the EPA or a branch of that agency about properly testing the water. He has contacted the state public health departments as well. The court also understands that some recent testing of the water was performed by the City of Wilmington, the documents of which are to be produced. Woods has effectively sought records and other discovery from defendants and to date has effectively represented himself.

ACCORDINGLY, IT IS HEREBY ORDERED that:

Seawright and Woods's Motion to Appoint Counsel (D.I. 38) is presently denied with leave to refile.[3]

_____
UNITED STATES MAGISTRATE JUDGE

January 23 , 2007
Wilmington, Delaware

---

[3] The court recognizes that this case may require expert witnesses, but at the present state the need for experts is not reasonably certain and the possible involvement of a federal agency may address that concern.

3

CM/ECF LIVE - U.S. District Court:ded                                   Page 1 of 2

## Other Orders/Judgments

1:05-cv-00576-*** Seawright et al v. Stanley Taylor et al
PaperDocuments

U.S. District Court

District of Delaware

## Notice of Electronic Filing

The following transaction was entered on 1/23/2007 at 1:56 PM EST and filed on 1/23/2007
**Case Name:**      Seawright et al v. Stanley Taylor et al
**Case Number:**    1:05-cv-576
**Filer:**
**Document Number:** 73

**Docket Text:**
MEMORANDUM AND ORDER Seawright and Woods's motion to appoint counsel (D.I. 38) is presently denied with leave to refile. Signed by Judge Mary Pat Thynge on 1/23/2007. (cak)

**1:05-cv-576 Notice has been electronically mailed to:**
Eileen Kelly eileen.kelly@state.de.us

**1:05-cv-576 Notice has been delivered by other means to:**

Darren Lamont Seawright
SBI #400140
Plummer Community Correction Center
38 Todds Lane
Wilmington, DE 19802

William J. Webb, Jr

Daniel M. Woods
SBI #164728
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=1/23/2007] [FileNumber=331932-0]

[a7134c755084f5ff228f56bb34d57c5b9b58079fd415ef9b72a0bebe0b1bd5e4e8b739a5b257a20ebd40f1211e85148061b7fdd738fbe956a743c4b45e9ea21a]]