# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DARREN LAMONT SEAWRIGHT and DANIEL M. WOODS, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) C.A. No. 05-576-*** ) |
| WARDEN RAPHAEL WILLIAMS, MAINTENANCE SUPERVISOR PACECO, and THE STATE OF DELAWARE, | ) ) ) ) ) ) |
| Defendants. | ) |

## DEFENDANT RAPHAEL WILLIAMS' RESPONSE TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

Defendant Raphael Williams ("Answering Defendant") hereby responds to Plaintiffs' First Set of Interrogatories:

### GENERAL OBJECTIONS

1. Answering Defendant objects to the Interrogatories to the extent that they seek information or documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege.

2. Answering Defendant objects to the Interrogatories to the extent that they purport to require supplementation of these responses beyond that required by Federal Rule of Civil Procedure 26(e).

3. Answering Defendant objects to the Interrogatories to the extent that they purport to place duties upon them not set forth in, or contemplated by, the Federal Rules

of Civil Procedure.

4. Answering Defendant objects to the Interrogatories to the extent that they purport to seek information or documents not in their possession, custody or control.

5. Answering Defendant objects to the Interrogatories to the extent that they seek the production of documents equally available to the Plaintiff's or Plaintiffs' counsel. Such documents will be identified by Answering Defendant but will not be produced.

6. Answering Defendant objects to the Interrogatories to the extent that they purport to require production of information or documents which are impractical or unduly burdensome to reproduce.

7. Answering Defendant objects to the Interrogatories to the extent that they seek the production of documents generated by or received from his counsel in connection with this litigation on or after the date of the acceptance of representation on the grounds that such documents are protected by attorney-client and work product privileges.

## RESPONSES

Subject to, and without waiver of the foregoing General Objections and those set forth in Answering Defendant's Responses, Answering Defendant responds, after a reasonable search, and subject to supplementation, as follows:

## INTERROGATORIES

1. With respect to each and every claim in your Complaint:

    (a) Identify all facts that refute, relate to, or support your contention;

(b) Identify the specific behavior or conduct that you allege that each Defendant engaged in;

(c) Identify all persons with knowledge of such contention or facts;

(d) Identify all documents that reflect, refer to or relate to such contention or facts.

**RESPONSE**: Objection. This Interrogatory references the Complaint and therefore has no applicability to Defendants.

2) Identify all documents which you intend to offer into evidence at the trial of this matter.

**RESPONSE**: See documents produced with Defendants' Response to Request for Admissions, Bates-stamped D00001 – D00040. Defendants reserve the right to supplement this Response pursuant to the Federal Rules of Civil Procedure.

3) Identify all persons having knowledge of the allegations in the complaint or answer whom you intend to call as witnesses at trial, excluding expert witnesses.

**RESPONSE**: Objection. The allegations in this matter are so vague that Defendants cannot identify person with knowledge. Without waiving this objection, Defendants will testify at trial. Defendants reserve the right to supplement this Response pursuant to the Federal Rules of Civil Procedure.

4) Identify all persons whom you intend to call as witnesses at trial, excluding expert witnesses.

**RESPONSE:** See Response to Interrogatory No. 3.

5) Identify any physical evidence which relates in any way to any of the facts alleged in the complaint or answer, or which you intend to offer in evidence at trial.

**RESPONSE**: None known to Defendants at this time.

6) Identify each expert you expect to call to testify as a witness at trial and state for each such expert, (i) the qualifications of the expert, (ii) the subject matter on which the expert is expected to testify, (iii) the substance of the facts and opinions to which the expert is expected to testify and (iv) the summary of the grounds for such opinion.

**RESPONSE**: Defendants have not yet retained an expert but reserve the right to do so.

7) State the following about yourself:

    a. Full name, and any other names you have gone by or used,

    b. Social Security Number

    c. Date of birth, and any other date of birth you may have used or given,

    d. Place of birth

    e. Highest level of formal education that you successfully completed

**RESPONSE:** a.-e   Raphael Williams was born on December 22, 1956, in Jamaica. Education includes a High School Diploma.

8) Identify all of your criminal convictions in the past 15 years, including the court, jurisdiction, date of conviction, date of sentencing, and the terms of the sentence.

**RESPONSE:**  No criminal convictions.

9) Identify all employment you have had in the past 15 years, including the name and address of each employer, name of supervisor, dates of employment, rate of pay, job title and responsibilities, and reason for termination.

**RESPONSE:** Employed by the DOC since 1982. Prior to DOC, was police officer in Jamaica.

10. Identify all physicians you have seen or been treated by in the past 10 years, including name, office address, telephone number, dates of examination or treatment, and the medical problem involved, if any.

**RESPONSE:** Objection. This Interrogatory has no relevance to Plaintiffs' claims, requests information beyond the scope of Rule 26, and is not designed to lead to the discovery of admissible evidence.

11. Identify and describe all accidents, injuries that have taken place within the last 20 years including the history of any mental or emotional illness.

**RESPONSE:** Objection. This Interrogatory has no relevance to Plaintiffs' claims, requests information beyond the scope of Rule 26, and is not designed to lead to the discovery of admissible evidence.

12. Identify in detail all documents that were filed against Officer Talabisco (maintenance officer) who had personal issues against inmates and any other complaints filed against the above defendants and employees.

**RESPONSE:** Objection. This Interrogatory is directed to an "Officer Talabisco" who is not a defendant in this action. Further, there is no one by that name employed by the Delaware Department of Correction.

13. Identify all inspections of dorm 1 and 2 that were inspected by the city of Wilmington and all documents that reflect such inspections.

**RESPONSE:** Objection. This Interrogatory is vague, overly broad and unduly burdensome. Without waiving this objection, see documents produced with Defendants' Response to Request for Admissions, Bates-stamped D00001 – D00033.

14. Has DOC had any other health and safety issues within the past 15 years?

**RESPONSE:** Objection. This Interrogatory is vague, overly broad and unduly burdensome.

15. Identify the procedures that were followed to take samples from the dorms.

**RESPONSE:** See documents Bates-stamped, which were previously provided to Plaintiff.

16. Was the city of Wilmington responsible for all inspections before those dorms were allowed to open and house inmates?

**RESPONSE:** This Interrogatory is not addressed to Defendants.

17. Is the department of public health responsible for overseeing health issues at DOC?

**RESPONSE:** This Interrogatory is not addressed to Defendants.

18. Why were the only test conducted was the water and not the joints?

**RESPONSE:** Defendants are without sufficient information to admit or deny the allegations set forth in this Interrogatory.

19. Have you or anyone on your behalf, obtained from any person any statement declarations, petitions, or affidavit concerning this action or is subject matter? If so, state:

    a) The name and last known address of such person; and

      b)      When, where, by whom and to whom each statement was made, and whether it was reduced to writing or otherwise recorded.

**RESPONSE:**   Objection. This Interrogatory seeks information protected from discovery by the attorney-client privilege and/or the work product doctrine. Without waiving this objection, there are none.

                       **STATE OF DELAWARE**
                       **DEPARTMENT OF JUSTICE**

                       /s/ Eileen Kelly
                       Eileen Kelly (I.D. 2884)
                       Deputy Attorney General
                       820 N. French St., 6th Floor
                       Wilmington, DE  19801
                       (302) 577-8400
                       eileen.kelly@state.de.us
                       Attorney for Defendants

Dated: April 20, 2007

## *CERTIFICATE OF SERVICE*

I hereby certify that on April 20, 2007, I electronically filed *Defendant Raphael Williams' Response to Plaintiffs' First Set of Interrogatories* with the Clerk of Court using CM/ECF. I hereby certify that on April 20, 2007, I have mailed by United States Postal Service, the document to the following non-registered parties:

Daniel M. Woods, Inmate
SBI#164728
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

Darren L. Seawright
6348 Highland Ave.,
Pennsauken, NJ
08109

/s/ Eileen Kelly
Eileen Kelly (I.D. 2884)
Deputy Attorney General
Department of Justice
820 N. French St., 6th Floor
Wilmington, DE 19801
(302) 577-8400
eileen.kelly@state.de.us