IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DARREN LAMONT SEAWRIGHT and DANIEL M. WOODS, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) )   C.A. No. 05-576-*** |
| WARDEN RAPHAEL WILLIAMS, MAINTENANCE SUPERVISOR PACECO, and THE STATE OF DELAWARE, | ) ) ) ) ) ) |
| Defendants. | ) |

**DEFENDANTS' RESPONSE
TO PLAINTIFFS' REQUEST FOR ADMISSIONS**

Defendants Raphael Williams and Joseph Pacheco ("Answering Defendants") hereby respond to Plaintiffs' Request for Admissions:

**OBJECTIONS AS TO ALL REQUESTS**

The Requests are not Requests for Admissions within the meaning of Rule 36 of the Federal Rules of Civil Procedure. The Requests do not ask Defendant to admit to the truth of the matter but rather request information. Thus, the Requests are more properly characterized as Interrogatories pursuant to Rule 33. Without waiving this objection, Defendant responds as follows:

1. That each document is genuine filed by plaintiff as exhibits.

**RESPONSE:** Objection. Defendants do not know what "exhibits" plaintiff is referencing and do not understand what is meant by the term "genuine."

2. Did the plaintiff Daniel M. Woods work at Howard R. Young Institution?

**RESPONSE:** Objection. Defendants are without sufficient information to admit or deny the allegations set forth in this Request.

3. That plaintiff did work on the new dorms when they were first installed.

**RESPONSE:** Objection. This Request is vague and overly broad. Plaintiff does not specify what "new dorms" he is referencing and does not specify a time period.

4. That Officer Talabisco maintained officer did oversee some new construction of the dorms.

**RESPONSE:** Objection. This Request is directed to an "Officer Talabisco" who is not a defendant in this action. Further, there is no one by that name employed by the Delaware Department of Correction.

5. Officer Pacheco supervisor over the maintenance department is fully responsible to make sure that proper materials are used.

**RESPONSE:** Denied.

6. If the water lines are contaminated with lead solider for over five years wouldn't test be incurred?

**RESPONSE:** Objection. Defendants do not understand this Request. Without waiving this objection, Defendants deny Plaintiff's allegations that water lines at HRYCI are "contaminated with lead solder."

7. When tests are conducted of water under the rules there are supposed to be two samples taken?

**RESPONSE:** Objection. Defendants do not know what "rules" Plaintiff is referencing.

8. Is the City of Wilmington responsible for the inspections for new construction that are within the city limits?

**RESPONSE:** Objection. This Request is not directed to Defendants.

9. The joints that were installed in the new construction were soldered.

**RESPONSE:** Objection. This Request is vague and overly broad. Plaintiff does not specify what "new construction" or "joints" are being referenced and does not provide a time period.

10. The reason the joints were not tested was fear for finding positive results.

**RESPONSE:** Objection. This Request is vague and overly broad. Plaintiff does not specify what "joints" are being referenced. Without waiving this objection, Defendants deny Plaintiff's allegations that "joints' at HRYCI were contaminated with lead solder.

11. Is there a policy set up for proper procedures for new construction?

**RESPONSE:** Denied that there is a DOC policy governing new construction.

12. Are officers held liable for their illegal actions?

**RESPONSE:** Objection to the use of the term "illegal action." Without waiving this objection, it is admitted that, in the context of civil litigation, by court order, a DOC employee may be found liable to a plaintiff.

13. Does the state pay for officers' errors and or settlements?

**RESPONSE:** Objection. The "state" is not a party to this action.

14. Didn't maintenance Officer Talabisco have personal vendetta against inmates?

**RESPONSE:** See Response to Request No. 4.

15. Are there records of the actions Officer Talabisco did towards inmates?

**RESPONSE:** See Response to Request No. 4.

16. Did plaintiffs request for correct the issue of this complaint through grievance proceedings be denied and unaddressed?

**RESPONSE:** Objection. This Request is vague and overly broad. Without waiving this objection, Defendants admit that Plaintiff filed a grievance on July 24, 2005, which was denied because it was untimely. See documents Bates-stamped D00034 – D00038.

17. Did the city of Wilmington do proper testing at Howard R. Young Institution?

**RESPONSE:** Objection. This Request is not directed to Defendants. Further objection that the Request is vague and overly broad. Plaintiff does not specify what is meant by the term "proper testing" and does not specify a location or time period.

18. Did health and social services contact the city with this complaint of lead solder in water lines at the prison of Howard R. Young Institution?

**RESPONSE:** Defendants are without sufficient information to admit or deny the allegations set forth in this Request.

19. Does the defendant care about the health and safety of inmates?

**RESPONSE:** Objection. This Request has no relevance to Plaintiff's claims, requests information beyond the scope of Rule 26, and is not designed to lead to the discovery of admissible evidence.

20. Has the DOC any history of covering up incidents from the public?

**RESPONSE:** Denied that the DOC has a history of "covering up incidents from the public."

21. Has the DOC falsified documents to cover up illegal actions?

**RESPONSE:** Denied that DOC has "falsified documents to cover up illegal actions."

22. Has DOC been in violation of environmental issues?

**RESPONSE:** Objection. Defendants do not understand what Plaintiff means by use of the term "violations of environmental issues."

23. Have complaints been filed against DOC for illegal actions?

**RESPONSE:** Objection to use of the term "illegal actions." Without waiving this objection, admitted that DOC has been a defendant in civil lawsuits.

24. Does the institutional policy 8.55 cover all staff?

**RESPONSE:** See Attached Policy, Documents Bates-stamped D00039 – D00040.

25. Are grievances unable to proceed if they are not filed within 7 days of the incident?

**RESPONSE:** Objection. This Request is vague and overly broad. Plaintiff does not specify the institution at issue.

26. Has any other testing been done by any other company with regards to this issue?

**RESPONSE:** Objection. This Request is vague, overly broad and unduly burdensome. Without waiving this objection, see documents attached hereto, Bates-stamped D0001 - D00033 which were previously provided to Plaintiff. As further

response, City of Wilmington would be in possession of any other documentation

pertaining to water testing, if such documentation exists.

                                                STATE OF DELAWARE
                                                DEPARTMENT OF JUSTICE

                                                /s/ Eileen Kelly
                                                Eileen Kelly, I.D. #2884
                                                Deputy Attorney General
                                                Carvel State Office Building
                                                820 North French Street, 6th Floor
                                                Wilmington, Delaware 19801
                                                (302) 577-8400
Dated: April  20, 2007                  eileen.kelly@state.de.us
                                                Attorney for Defendants

## *CERTIFICATE OF SERVICE*

I hereby certify that on April 20, 2007, I electronically filed *Defendants Raphael Williams' and Joseph Pacheco's Response to Plaintiffs' Request for Admissions* with the Clerk of Court using CM/ECF. I hereby certify that on April 20, 2007, I have mailed by United States Postal Service, the document to the following non-registered parties:

Daniel M. Woods, Inmate
SBI#164728
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE   19977

Darren L. Seawright
6348 Highland Ave.,
Pennsauken, NJ
08109

/s/ Eileen Kelly
Eileen Kelly (I.D. 2884)
Deputy Attorney General
Department of Justice
820 N. French St., 6th Floor
Wilmington, DE 19801
(302) 577-8400
eileen.kelly@state.de.us