IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DARREN LAMONT SEAWRIGHT,              :
                                      :
         Plaintiff,                   :
                                      :
    v.                                : Civ. Action No. 05-576-JJF
                                      :
WARDEN RAFEAL WILLIAMS,               :
et al.,                               :
                                      :
         Defendants.                  :

Darren Lamont Seawright, Pro se Plaintiff, Pennsauken, New Jersey.

Catherine C. Damavandi, Esquire, Deputy Attorney General, Delaware Department of Justice. Attorney for Defendants.

**MEMORANDUM OPINION**

May ___, 2009
Wilmington, Delaware

**Farnan, District Judge**

Presently before the Court is an Order to show cause why this matter should not be dismissed for failure to prosecute. (D.I. 114.)  Plaintiff did not respond to the Show Cause Order. For the reasons discussed below, the Court will dismiss the claims of Plaintiff Darren Lamont Seawright ("Plaintiff") for failure to prosecute.

**I.  BACKGROUND**

Plaintiff, who proceeds pro se and was granted leave to proceed in forma pauperis, filed this action, along with Daniel M. Woods ("Woods"), on August 8, 2005.  (D.I. 2.)  At the time, Plaintiff was an inmate incarcerated within the Delaware Department of Correction ("DOC").  He has since been released. (D.I. 77.)  On January 22, 2009, Woods dismissed with prejudice his claims against Defendants.  (D.I. 120, 121.)

Plaintiff has taken no action in this case since July 14, 2006, when he corresponded with the Court.  (D.I. 34.)  On numerous occasions, service copies mailed to him by the Court were returned as undeliverable.  (D. I. 57, 64, 67, 68, 74, 75.) Plaintiff did not provide his current address to the Court subsequent to his release, but on February 1, 2007, it was provided by the DOC.  (D.I. 77.)  Because Plaintiff had taken no action in the case, on December 20, 2007, the Court the DOC to

1

verify Plaintiff's last known address.  The DOC verified that its last known address for Plaintiff was identical to the address on the Court docket.

On August 8, 2008, the Court ordered Plaintiff to show cause why his claims should not be dismissed for failure to prosecute. (D.I. 114.)  Plaintiff was given ten days to show cause.  He did not file a response to the Order.

**II.  STANDARD OF LAW**

Pursuant to Fed. R. Civ. P. 41(b), a court may dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules] or any order of court . . . ."  Although dismissal is an extreme sanction that should only be used in limited circumstances, dismissal is appropriate if a party fails to prosecute the action.  Harris v. City of Philadelphia, 47 F.3d 1311, 1330 (3d Cir. 1995).

The following six factors determine whether dismissal is warranted.  (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of other sanctions; and

(6) the meritoriousness of the claim of defense. <u>Poulis v. State Farm Fire and Cas. Co.</u>, 747 F.2d 863, 868 (3d Cir. 1984).

The Court must balance the factors and need not find that all of them weigh against Plaintiff to dismiss the action. <u>Emerson v. Thiel Coll.</u>, 296 F.3d 184, 190 (3d Cir. 2002). Because dismissal for failure to prosecute involves a factual inquiry, it can be appropriate even if some of <u>Poulis</u> factors are not satisfied. <u>Hicks v. Feeney</u>, 850 F.2d 152, 156 (3d Cir. 1998). Dismissal is a severe penalty and is appropriate only in the most extreme cases. <u>C.T. Bedwell & Sons, Inc. v. International Fid. Ins. Co.</u>, 843 F.2d 683, 696 (3d Cir. 1988).

## III. DISCUSSION

The Court finds that the first through the fifth <u>Poulis</u> factors warrant dismissal of Plaintiff's case. First, as a <u>pro se</u> litigant, Plaintiff is solely responsible for prosecuting his claim. <u>Hoxworth v. Blinder, Robinson & Co.</u>, 980 F.2d 912, 920 (3d Cir. 1992).

Second, Defendants are prejudiced by Plaintiff's failure to prosecute. Prejudice occurs when a plaintiff's failure to prosecute burdens the defendant's ability to prepare for trial. <u>Ware v. Rodale Press, Inc.</u>, 322 F.3d 218, 222-23 (3d Cir. 2003). Plaintiff's failure to take any action in the case severely impedes Defendant's ability to prepare a trial strategy.

3

As to the third factor, there appears to be a history of dilatoriness inasmuch as Plaintiff failed to provide his current address each time he was transferred to a new DOC facility or upon his release from prison.  Thus, the third factor weighs in favor of dismissal.

As to the fourth factor, the facts to date lead to a conclusion that Plaintiff's failure to prosecute is willful or in bad faith.  The Court ordered Plaintiff to show cause why his claims should not be dismissed, but he failed to provide any reason.  The Court notes that the show cause Order was not returned as undeliverable.  Accordingly, the Court finds Plaintiff's actions willful and in bad faith.

As to the fifth factor, there are no alternative sanctions the Court could effectively impose.  Because Plaintiff proceeds pro se and in forma pauperis, it is doubtful that monetary sanctions would be effective.

The Court finds the sixth factor, the merits of the claim, is neutral.  Given the lack of action by Plaintiff, the Court finds the record too sparse to adequately address the merits of his claim.  The other five Poulis factors, however, weigh in favor of dismissal.

4

**IV.  CONCLUSION**

The Court finds that Plaintiff has failed to show cause why this matter should not be dismissed for his failure to prosecute. For the above reasons, the Court will dismiss Plaintiff's claims.

An appropriate Order will be entered.